UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Agape' Assembly Baptist Church, Incorporated

Case No.: 6:19-bk-07981-KSJ
Chapter 11

Debtor.
_____/

## UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE

Mary Ida Townson, United States Trustee for Region 21 ("UST"), moves this Court to enter an order dismissing[1] this case pursuant to 11 U.S.C. § 1112(b) for cause, including the failure to comply with the requirements set forth in orders of this Court, the Bankruptcy Code, Local Rules, and the United States Trustee Guidelines for Chapter 11 Debtors-in-Possession (the "Guidelines"). In support, the UST states:

### STANDING

1. The United States Trustee has standing to file motions to dismiss chapter 11 cases under 11 U.S.C. §§ 307, 1104(a) and 1112(b)(1), as well as 28 U.S.C. § 586. *See also* Collier on Bankruptcy ¶ 1112.04[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

### FACTUAL BACKGROUND

2. On December 5, 2019, Agape' Assembly Baptist Church, Incorporated ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code (Doc. No. 1; "Petition").

3. According to its Case Management Summary (Doc. No. 9; "CMS"), the Debtor is a Florida not-for-profit corporation incorporated in 1997. The Debtor owns three parcels of real estate:

---

[1] Conversion to chapter 7 is not an available remedy pursuant to Section 1112(c).

1

    a. Hiawassee Property: where the Debtor operates a Baptist church and provides ministry, faith-based services, and assistance to families in need;

    b. Church Street Property: where the Debtor leases the premises to Tabernacle of Praise Ministries Top, Inc., which is not affiliated with the Baptist Church operated by the Debtor; and

    c. Palazzo Property: a single-family home, which serves as the residence to Reverend Richard Bishop, who serves as Director/President of the Debtor, and Mrs. Ingrid Bishop, who serves as the Debtor's Vice-President. (CMS at 2.)

4. As of the Petition date, the Debtor employed three employees. (*Id*. at 3.)

5. On December 6, 2019, the Court entered the Order Authorizing Debtor-In-Possession to Operate Business (Doc. No. 2; "Operating Order"). The Section 341(a) initial meeting of creditors was held and concluded on January 13, 2020.

6. On May 12, 2020, the Debtor filed its Disclosure Statement (Doc. No. 62) and Chapter 11 Plan of Reorganization (Doc. No. 63). On May 18, 2020, Order Conditionally Approving Disclosure Statement, Scheduling Confirmation Hearing and Fixing Deadlines. (Doc. No. 67). On September 1, 2020, Objection to Confirmation of Plan was filed by United States Trustee (Doc. No. 92). On September 10, 2020, Notice of Filing of Agreed Terms to be Set Forth in the Amended Plan was filed by Justin M Luna on behalf of Debtor (Doc. No. 96). On September 11, 2020, the court issued an Order Denying Chapter 11 Plan.

7. On September 25, 2020, the Debtor filed an Amended Disclosure Statement (Doc. No. 103) and Amended Chapter 11 Plan of Reorganization (Doc. No. 104). On October 6, 2020, the Debtor filed a Second Amended Disclosure Statement (Doc. No. 107). On November 4, 2020, it filed a Notice of Filing of Financial Projections in Support of Amended Plan (Doc. No. 113).

8. On December 8, 2020, the Court entered an Order Confirming Amended Chapter 11 Plan and Approving Second Amended Disclosure Statement (Doc. No. 128; "Confirmation Order").

9. On June 28, 2021, the Debtor's counsel, Justin Luna, filed a Renewed Motion for Leave to Withdraw as Counsel (Doc. No. 165) that was later granted (Doc. No. 180). On August 16, 2021, counsel for the Debtor made an Ore Tenus Motion to Extend Representation to September 24, 2021, which was granted. (Doc No. 185; "Withdrawal Order")[2] The Court directed that "[t]he Debtor shall have thirty (30) days from September 24, 2021 to retain new counsel" (*i.e.*, October 24, 2021). (Doc. No. 185 at 2.)

10. On September 28, 2021, the Court entered Order Granting Motion to Sell Property, Modifying Confirmed Plan and Granting Other Relief (Doc. No. 195; "Sale Order") related to the Palazzo Property. On October 11, 2021, Herring Bank, as Trustee for the Bondholders ("Herring Bank"), filed Notice of Filing Status That Closing Did Not Occur and Escrow Deed Has Been Submitted for Recording (Doc. No. 198).

11. On October 26, 2021, Herring Bank filed an Emergency Motion for an Order Directing Clerk of Court to Issue a Writ of Possession to the United States Marshal Service (Doc. No. 200) in light of a devastating fire at the Hiawassee Property and the Debtor's continued lack of cooperation in the turnover of the Palazzo Property pursuant to the Sale Order.

---

[2] The Debtor's counsel attempted numerous times to withdraw from this case: On July 28, 2020, he filed a Motion for Leave to Withdraw as Counsel for Debtor (Doc. No. 85), which was abated (Doc. No. 86). On the same day, he filed an Amended Motion for Leave to Withdraw (Doc. No. 87). On September 10, 2020, he withdrew the request (Doc. No. 95). However, it was refiled on February 8, 2021 as a Renewed Motion for Leave to Withdraw as Counsel (Doc. No. 135).

## ANALYSIS

12. Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court shall dismiss a chapter 11 case, if it is in the best interest of creditors. 11 U.S.C. § 1112(b).

13. A non-exhaustive list of examples of "cause" warranting dismissal is set forth in 11 U.S.C. § 1112(b)(4). This case demonstrates the following examples of "cause," as contemplated by 11 U.S.C. § 1112(b)(4), which warrant dismissal of this case:

A. <u>Unlawfully Proceeding Without Counsel</u>

14. First, the Debtor is proceeding without counsel in violation of Local Rule 1074-1 and the Withdrawal Order. Local Rule 1074-1 states "Corporations, partnerships, trusts, and other persons who are not individuals may appear and be heard only through counsel permitted to practice in the Court . . ." In addition, the Withdrawal Order specifically required the Debtor to obtain new counsel no later than October 24, 2021. As of the filing of this motion, new counsel has not filed a notice of appearance in this case.

15. As a result, the Debtor is currently in violation of both the local rule and this Court's Withdrawal Order. Failure to comply with this local rule and court order is cause for dismissal pursuant to Section 1112(b)(4)(E) and (F).

B. <u>Failure to Timely Comply with Reporting Requirements</u>

16. The Debtor is delinquent in filing required Post-Confirmation Operating Reports ("<u>PCRs</u>"). As of the filing of this Motion, the Debtor has failed to file a report for July through September 2021. This Third Quarter PCR was due on October 21, 2021.

17. According to the Confirmation Order:

The Debtor shall file with the Bankruptcy Court post-confirmation financial reports or statements of disbursements for each quarter (or portion thereof) that this

    Chapter 11 case remains open, in a format prescribed by the United States Trustee until this case is closed, converted, or dismissed.

(Confirmation Order at 3-4.)

18.    As a result of the Debtor's failure to timely file the PCR, interested parties and the UST are unable to monitor the post-petition activities of the Debtor which is of particular interest given the lack of compliance with the Sale Order and Confirmation Order.

19.    Failure to file PCRs constitutes cause for dismissal of this case pursuant to 11 U.S.C. § 1112(b)(4)(E) and (F).

  C.  <u>Inability to Consummate Confirmed Plan and Material Default</u>

20.    The Plan, as confirmed, contemplated that the Debtor would participate in a process for disposition of Herring Bank's collateral: the Hiawassee Property, Church Street Property, and Palazzo Property. (Doc No. 107.) The Church Street Property was subject to a bidding process whereby CSE Communities Florida, LLC was deemed the successful bidder. (Doc. No. 160.) However, the Debtor failed to cooperate with the disposition processes for the Hiawassee Property and Palazzo Property. Despite numerous opportunities to comply and cooperate, the Debtor has demonstrated that it is unable to effectuate these portions of the Plan. As a result, Herring Bank (i) was able to proceed with the state foreclosure sale but one day later, the Hiawassee Property was subject to a devastating fire on October 25, 2021; and (ii) now seeks a Writ of Possession from the United States Marshal Service related to the Palazzo Property. (Doc. No. 185.)

21.    As of the filing of this motion, the Confirmation Order was entered 322 days ago and yet the Debtor has not filed a Motion for Final Decree nor has it filed a report pursuant to Local Rule 3022-1 to enumerate the steps taken toward substantial consummation and any remaining obstacles.

22. An inability to consummate a confirmed plan and/or a material breach of a confirmed plan constitute(s) cause for dismissal of this case pursuant to 11 U.S.C. § 1112(b)(4)(M) and (N).

D. <u>Violated Fiduciary Duties as a Debtor-in-Possession</u>

23. The Debtor's failure to comply with its basic duties under the Bankruptcy Code (as enumerated above) demonstrates that the Debtor has failed to perform its fiduciary duties as a debtor-in-possession of this bankruptcy estate. As recognized by the Supreme Court, the debtor-in-possession "bears essentially the same fiduciary obligation[s] to the creditors as does the trustee for a debtor out of possession." *Wolf v. Weinstein*, 372 U.S. 633, 649-650 (1963); accord *In re Blue Stone Real Estate, Constr. & Dev. Corp.*, 392 B.R. 897, 904 (Bankr. M.D. Fla. 2008). A debtor's failure to comply with its fiduciary duties serves as additional cause for dismissal under 11 U.S.C. § 1112(b). *In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 716 (Bankr. D. Md. 2011); *see also Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985).

E. <u>No Unusual Circumstances Alleged by the Debtor</u>

24. Finally, there have been no unusual circumstances or other reasons presented why this case should not be dismissed. 11 U.S.C. § 1112(b)(2).

**CONCLUSION**

25. For the reasons set forth above, the UST respectfully requests that the Court enter an order dismissing this case for cause pursuant to Section 1112(b).

**RESERVATION OF RIGHTS**

26. The UST reserves the right to proceed at the hearing on this motion and present evidence to address any deficiency present in any subsequently filed or transmitted documents, or alternatively, reserves the right to amend this motion to address same.

WHEREFORE, the UST requests that the Court enter an Order (i) granting this motion, dismissing the Debtor's case; (ii) or in the alternative, compelling the Debtor to cure the deficiencies enumerated herein; and (iii) granting such other and further relief as is just and appropriate.

DATED:   October 26, 2021.          Respectfully submitted,

Mary Ida Townson
United States Trustee, Region 21

   /s/  Audrey May Aleskovsky
Audrey May Aleskovsky, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Florida Bar No.: 103236
George C. Young Federal Building and Courthouse
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Telephone No.: (407) 648-6301, Ext. 130
Facsimile No.: (407) 648-6323
Audrey.M.Aleskovsky@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion has been served electronically through CM/ECF on October 26, 2021, to all parties having appeared electronically in the instant matter.  I HEREBY CERTIFY further that a copy hereof shall be served by U.S. Mail, postage prepaid, on October 26, 2021 to the following:

Agape' Assembly Baptist Church, Incorporated
2425 N. Hiawassee Rd.
Orlando, FL 32818

   /s/  Audrey May Aleskovsky
Audrey May Aleskovsky, Trial Attorney